Commonwealth to use of Louis Friedman, Appellant, *v.* Daniel Meyer, Jr., and Charles D. Kaier.

*Attachment under act of March* 17, 1869—*Bond—Sheriff.*

Where an attachment under the act of March 17, 1869, P. L. 9, is issued subject to the lien of a prior levy under a fi. fa., and the sheriff sells goods in excess of the amount of the judgment under which the fi. fa. issued, and the attaching creditor fails to sustain the attachment, and the surplus in the sheriff's hands is paid over to the defendant in the execution, the attaching creditor is not liable for the loss occasioned to the defendant in the execution by the act of the sheriff in selling more goods than was necessary under the fi. fa. In such a case the remedy of the defendant in the execution is against the sheriff.

*Attachment under act of* 1869—*Costs—Counsel fees.*

The words " all legal costs, fees and damages," in the fraudulent debt-tors' act of March 17, 1869, do not include counsel fees.

Argued Feb. 18, 1895. Appeal, No. 506, Jan. T., 1894, by plaintiff, from judgment of C. P. Schuylkill Co., July T., 1892, No. 8, on verdict for defendants. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Assumpsit on a bond given in attachment proceedings under the act of March 17, 1869, P. L. 9.

The facts and the material assignments of error are stated in the opinion of the Supreme Court.

Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned* were among others (5, 7) answers to defendants' points, as quoted in the opinion of the Supreme Court.

*George J. Wadlinger, J. H. Pomeroy* with him, for appellant. —The legislature must have had in mind when they inserted the word "fees" in the act of 1887 the compensation paid to an attorney at law, for lawyer and layman, all alike, denominate such compensation by the word fee: Com. ex rel. Cord v. Magnolia Villa Land & Imp. Co., 163 Pa. 99.

In other states of the Union attorneys' fees have been allowed in defending attachment suits as part of the damages, although not mentioned in the statute: Drake on Attachment, section 175; Lyser v. Rinscoff, 20 Pacific, 180; Northrup v. Garrett, 17 Hun (N. Y.), 497; Swift v. Plessner, 39 Mich. 178; Buckly v. Van Diver, 12 Southern R. 905; Wilson v. Root, 43 Ind. 487; Solomon v. McLennan, 81 Iowa, 406; Trammell v. Ramage, 11 Southern R. 916.

Applying the rule laid down in Com. ex rel. v. Magnolia V. L. and I. Co., 163 Pa. 99, it seems to us these assignments must be sustained; and if from the seizure of the goods, from which necessarily arises a deprivation of their use, there also follows a loss in value, destruction or deterioration, the party injured can recover damages for such loss, deterioration or destruction. Reidhar v. Berger, 8 B. Monroe, 160; Pettit v. Mercer, 8 B. Monroe, 51; Dunning v. Humphrey, 24 Wend. 31.

*W. P. Ramsay* and *Joseph L. Greenwald*, of *Greenwald & Mayer*, for appellees.—We have not been able to discover any case decided in the commonwealth of Pennsylvania in which counsel fees have been allowed to be recovered in a suit for damages. " All legal costs, fees and damages," is the language of the act, and we do not understand that to mean that costs and fees shall include anything beyond the " costs " of obtaining the attendance of witnesses, etc., and the " fees " paid to the officers of the court, to wit, the sheriff, prothonotary, etc., together with the attorney fee of three dollars allowed by law.

Without an act of assembly empowering it, the courts cannot create a fee-bill, and it would be a usurpation of legislative function to allow, as between party and party, charges to which no statute has ever given the character of costs: Winton's App., 87 Pa. 85; Alexander v. Herr, 11 Pa. 537; Berwald v. Ray, 165 Pa. 194.

The sheriff had in his hands, at the time of this sale, a writ at the suit of Meyers against Friedman, commanding him that he attach all and singular the goods and chattels, etc. There was here no writ at the suit of Meyers instructing or authorizing the sheriff to sell any goods, and if any loss was occasioned by their sale, it could not be recovered in an action upon the bond in suit, for the reason that that sale was not had by reason of the attachment, or in pursuance of it.

OPINION BY MR. JUSTICE DEAN, October 7, 1895:

Daniel Meyer, Jr., one of defendants, had issued on June 11, 1890, against Louis Friedman, an attachment, under the act of 1869; preceding the attachment he filed the bond required by the statute, in the sum of $542.50, with Kaier as surety, conditioned, that if plaintiff failed to prosecute his attachment with effect, or in case it should be quashed, dissolved or ended, then to pay to defendant all legal costs, fees and damages, which he might sustain by reason of such attachment. This bond was approved by the court. The sheriff executed the writ by a levy the same day on a lot of dry goods, clothing and notions belonging to defendant.

Before the attachment issued, however, a fi. fa. had come into the sheriff's hands, against the same defendant, issued on a judgment of Henrietta Friedman against him, for $1,056.36; on this writ, he had already levied on the same goods, and therefore the lien of the attachment was subject to that levy. On June 14, 1890, three days after the issuing of the attachments, the sheriff sold the goods for $1,613.90, leaving a surplus over debt, interest and costs on fi. fa. of $448.43; this he paid the defendant in the writ nearly two years after he had levied the attachment; why he did so, will appear from the following proceedings on the attachment in the interval. On June 16, 1890, five days after the attachment issued, Friedman filed an affidavit, denying the fraud alleged by Meyer, and the court awarded a rule to show cause why it should not be dissolved; testimony was taken on the rule, and a hearing had before the court, who refused to dissolve it; then the case proceeded to trial, resulting in a verdict and judgment for Friedman. This established Friedman's right to the surplus, and the sheriff accordingly paid it to him. Friedman then instituted this suit on the attachment bond against Meyer and his surety, claiming the bond had been forfeited for condition broken; that is, the attachment had not been prosecuted with effect, therefore the bond could be resorted to to enforce payment to Friedman, according to its terms, of all his legal costs, fees and damages. When the cause came on for trial, the court, being of opinion that, under the evidence, there was no forfeiture of the bond, directed a verdict for defendants, on which judgment was entered March 24, 1894. Then plaintiff brings this appeal, assign-

ing nine errors. As, in the view we take of the case, only the 5th and 7th are important, we shall notice but these two. They allege the court erred in affirming unqualifiedly defendant's first point. The point is as follows:—

" That Meyer had no power, under the law, to direct the sheriff to sell any of the goods of Friedman; the only execution then in the sheriff's hands being that of Henrietta Friedman, Friedman cannot recover the difference between the value of the goods sold and the price realized for them, but his action, if any, must be against the sheriff."

The 7th assignment is to the instruction, there could be no recovery by plaintiff for $200 counsel fees expended by him in defending against the attachment.

It will be noticed, the sale of the goods on the fi. fa. was three days after the attachment issued; the attachment was a lien merely; it could not be made effective for a sale at that stage of the proceedings any more than a sale of a farm could be had on a judgment lien, without an execution commanding its seizure and sale in satisfaction of the debt; not only was the attachment at most only a lien, but it was not yet determined judicially there was a debt on which to found it; in fact, on the 24th of March, 1892, by the event of the suit, it was determined there was no debt. So that the sale by the sheriff of goods to the amount of $448.43 in excess of the debt on his fi. fa. must have been made by virtue of the authority to sell in the fi. fa., for the attachment only authorized him to seize and hold goods to await the event of the suit on which the attachment issued. Therefore, plaintiff's claim for the difference between the real value of the goods and the price at which they were knocked down at sheriff's auction, and the interest on this difference, has nothing to stand upon; if the sheriff exceeded the authority conferred by the attachment, and not only seized, which he had a right to do, but also sold, which he had no right to do, $448.43 worth of goods, the plaintiff must look elsewhere for damages caused by the sale. But there could have been no damage caused by defendant from the seizure on the attachment; for the whole stock of goods was already in the custody of the sheriff, by seizure on the fi. fa. days before the attachment came into his hands. As to the surplus realized, that he paid to defendant in the execution,

but as he was without authority to sell more goods than paid the writ issued· by Mrs. Friedman, the mother of appellant, Meyer was not bound to concern himself about an unauthorized surplus. We are of opinion the court properly affirmed defendant's first point.

As to counsel fees paid by plaintiff in defending the attachment, the bond did not indemnify defendant in the attachment execution for this payment. The words in the statute and in the condition of the bond are : " All legal costs, fees and damages." Over and over again, we have decided there can be no recovery for counsel fees from the adverse party to a cause, in the absence of express statutory allowance of the same. All the costs and fees taxable under the law were paid to appellant on the judgment in his favor in the attachment suit. The costs and fees specified in the bond, were such costs and fees as were then taxable under the fee bill. The act does not say that in addition he shall have counsel fees, therefore the courts cannot say so. The words, costs and fees, are used by the legislature often in the same sense ; costs are taxable for sheriff and other officers under the legislative title of " Fee Bill." Nothing is awarded counsel under such taxation, except the small attorney docket fee of three dollars. Wherever it was intended counsel fees should be allowed, the statute expressly says so, as, for example, in the act of June 11, 1885, in relation to foreign attachments, where it is enacted the garnishee shall be entitled to recover from plaintiff, in addition, a reasonable counsel fee not exceeding ten dollars. Alexander v. Herr, 11 Pa. 537, and Winton's Appeal, 87 Pa. 85, fully discuss this question, and we need add nothing further.

As we think the court committed no error in either of the particulars noticed, necessarily, all the assignments of error are overruled and the judgment is affirmed.