## Yerger v. Yerger

*Julian W. Barnard*, for plaintiff.

*William A. O'Donnell*, of *Rutter & O'Donnell*, for defendant.

KNIGHT, P. J., November 5, 1948.—The captioned parties were husband and wife. They were divorced and this was a proceeding under the Act of May 10, 1927, P. L. 884, brought to sell a piece of realty which they owned as tenants by the entireties. A trustee was appointed, who has sold the property and has filed his report, and a suggested schedule of distribution dividing the proceeds.

To this proposed schedule defendant has filed exceptions, which were argued before the court en banc. The first exception is that "The trustee has erred in refusing the claim of defendant for the fair value of the electric stove sold with the premises". It is the claim of defendant that this stove was his personal property and that the trustee improperly and specifically included it in the agreement of sale for the real estate.

We are informed by the report of the trustee that counsel for defendant, and inferentially defendant himself, attended the sale and made claim to certain furnishings and fixtures, which defendant asserted were his personal property, and not a part of the real estate. Counsel for plaintiff agreed, and it was announced to prospective bidders that the sale did not include these articles. The things thus excluded were an electric water heater, venetian blinds and detached screens. No claim was made for the electric range.

It seems to us that when defendant stood by and, without objection, allowed the stove to be sold as part of the real estate, he is now estopped from claiming that it was personal property and should not have been included in the sale. For this reason alone, the exception should be dismissed.

Whether a certain fixture is or is not a part of the real estate depends upon a number of factors, of which we have no knowledge. In some cases it well might be that an electric stove was a piece of personal property; in others, it might just as well be held to be part of the real estate. We are in no position with the record before us to pass an intelligent judgment as to the stove in question.

The second exception is that "The trustee has erred in taxing the fee of Julian W. Barnard, Esq., attorney for plaintiff, as a cost of the proceedings".

The general rule is that an attorney may not demand from one who has not retained or employed him compensation for services rendered, and particularly is this true when the demand is made upon the opposing party in a litigated matter.

There are a number of exceptions to this general rule, most of which have been created by statute. Proceedings for the partition of real estate is one of them. It is the contention of counsel for plaintiff that the intent of the Act of May 10, 1927, supra, was that the procedure under this act follows the procedure set forth by the acts of assembly dealing with the partition of real estate.

We believe this contention is correct insofar as procedure is concerned. For instance, the first section of the Act of May 10, 1927, supra, provides that the summons in the suit shall be served in the same manner and with like effect as in cases of partition at law. The second section provides that the sale made by the trustee shall have the same effect as a public sale in proceedings in partition of real estate. We are of the opinion, however, that the right of the attorney for plaintiff in the instant suit to charge his fee against the fund is a matter of substantive law and not mere procedure. We must therefore look to the Act of May 10, 1927, for any authority to sustain the position of the trustee in reference to Mr. Barnard's fee.

In every act of assembly that we know of, where a fee is allowed to counsel, either from a fund or from a party to the litigation, the legislature has seen fit to provide for such counsel fee in clear and unmistakable terms. Thus, in the Act of April 27, 1864, P. L. 641, relating to the partition of real estate, it is provided:

". . . The costs, in all cases of partition in the common pleas, or orphans' court, of this commonwealth, with a reasonable allowance to the plaintiffs, or peti-

tioners, for counsel fees, to be taxed by the courts, or under its direction, shall be paid by all the parties, in proportion to their several interests."

See also, Act of February 22, 1821, P. L. 50, 7 Sm. L. 367, statutory fee of $3 to attorney for plaintiff; Act of April 29, 1891, P. L. 35, counsel fees to garnishee in attachment proceedings; Sheriff's Interpleader Act of May 26, 1897, P. L. 95, sec. 13, counsel fee in sheriff's interpleader.

In Commonwealth to use v. Meyer et al., 170 Pa. 380 (1895), at page 384, we find this:

"Over and over again, we have decided there can be no recovery for counsel fees from the adverse party to a cause, in the absence of express statutory allowance of the same. . . . Wherever it was intended counsel fees should be allowed, the statute expressly says so."

The Act of May 10, 1927, supra, does not expressly allow a counsel fee for plaintiff's attorney to be charged against the fund to be distributed. The act does provide in section 3, inter alia: "The proceeds of any sale under the provisions of this act, after the payment of the expenses thereof shall be equally divided between the tenants by entireties."

Does the word "expenses" include counsel fees to the counsel for plaintiff? We think not. The word "expenses" may have a wider meaning than the word "costs" in an act, but we have been unable to find any case in which the word "expenses" used in an act has been held to include counsel fees of one of the parties.

As we have shown, if counsel fees are to be allowed as part of the costs or expenses of a piece of litigation, the statute authorizing the same must expressly say so; it cannot be left to implication or inference.

In the case of Stewart v. Stewart, 28 Westmoreland 217 (1946), Judge McCann held that the fee of counsel for plaintiff could not be charged against the fund.

This case, however, is different on its facts from the case at bar. The only case we have been able to find which seems directly in point is Swartzel v. Rogers, 3 Kan. 380 (1866). That was a partition case, and the Kansas statute provided that in cases of partition of real estate before partition is made the court "shall tax the costs and expenses which may accrue in the cause". The Supreme Court of Kansas held that an attorney's fee could not be considered as an "expense" under the act.

And now, November 5, 1948, the first exception is dismissed. The second exception is sustained, and it is ordered and directed that the proposed schedule of distribution be amended by striking therefrom the fee of $250 awarded to Julian W. Barnard, Esq.