## McManus v. McManus

*John E. Stively, Jr.*, for exceptant.
*Robert O. Butler*, contra.

GAWTHROP, P. J., January 26, 1968.—Defendant has excepted to the trustee's proposed schedule of distribution of proceeds of sale of real estate under the Act of May 10, 1927, P. L. 884, of divorced tenants by the entireties. His first exception is to allowance of counsel fees to plaintiff's counsel out of the whole fund as "expenses" of the sale, and also to allowance to

plaintiff out of defendant's one-half share of the proceeds, after payment of the expenses of sale, of an amount representing one half of the rental value of the property from July 23, 1964, to September 23, 1967, for occupancy of the premises by defendant. After argument, the matter is before us for decision. Both exceptions must be sustained.

The Act of 1927 is in derogation of, and modifies, the common law. At common law, neither tenant holding property by the entireties had the right to petition a court of equity for a sale of the property. The act must, therefore, be strictly construed: Lazare v. Lazare, 365 Pa. 591. The act specifies in section 3 that the interest of each of the respective tenants after divorce shall be "one half of the value of the property", expressly modifying the common-law rule relating to entireties. Section 3 further provides that: "The proceeds of any sale had under the provisions of this act, *after payment of the expenses thereof*, shall be equally divided . . .". (Italics supplied.)

The effect of the proposed schedule of distribution is to provide for payment of plaintiff's counsel fee out of the proceeds of sale as an "expense thereof". Defendant asserts that there is no justification for such an allowance out of the fund, whereas plaintiff argues that the act of April 27, 1864, P. L. 641, justifies such an allowance.

Costs are of statutory origin. The act of 1864, supra, expressly authorized allowance of counsel fees to counsel for a plaintiff in partition proceedings in the common pleas and orphans' courts "to be taxed by the courts, (sic) or under its direction". This clearly provides for taxation of such counsel fees as part of the costs, a right not given by the common law. It also provides for their payment "by all the parties, in proportion to their several interests". Even under that act the fees contemplated were only those for

services rendered in actual partition and for the common benefit of the parties in interest: Novy v. Novy, 324 Pa. 362. By contrast, the Act of 1927, supra, makes no reference to counsel fees but provides only for payment of "expenses" of the sale. Wherever counsel fees are allowed by any Pennsylvania statute, we have found they are expressly referred to as such and are not included in the costs. It has always been the law in Pennsylvania that there can be no recovery of counsel fees from the adverse party in the absence of express statutory allowance, and wherever it was intended that counsel fees should be allowed, the statute expressly so stated: Commonwealth, to use v. Meyer, 170 Pa. 380.

We adopt the reasoning and conclusion of President Judge Knight, of Montgomery County, in Yerger v. Yerger, 66 D. & C. 539, that since the Act of 1927 does not expressly allow a counsel fee to a plaintiff's attorney to be charged against the fund, the word "expenses" as used therein does not include such counsel fees. We would add thereto that since the Act of 1927 creates new rights unknown to the common law and provides that the interest of each of the divorced tenants by the entireties "shall be *conclusively presumed to be one-half of the value of the property*", it was not intended thereby that the interest of either party should be depleted by one-half of plaintiff's counsel fee. (Italics supplied.)

The Act of 1927, supra, employs substantially the same language as section 3 of the Act of May 13, 1925, P. L. 649, which established the interest of each divorced tenant by the entireties as "one-half the value of the property" and provided that the proceeds of sale, after payment of expenses thereof, should be "equally divided between the tenants by entireties". Under the Act of 1925 it has been held that the provisions of section 3 thereof make "no exception, more-

over, for those cases where an equal division would unjustly enrich one tenant at the expense of the other because of expenditures made either before or after the divorce": Hunsberger v. Bender, 407 Pa. 185, 187. That case held also that, in such a proceeding the proceeds of sale, after payment of expenses, must be equally divided between the parties, irrespective of any equitable claim for a share of the rental value of the premises. We considered that case controlling of the situation in Jamieson v. Jamieson, 14 Chester 4, in construing the Act of 1927, and find it clearly controlling here. The parties must be left to a determination of their rights as to the rental value claim in a different proceeding. See also concurring opinion of Chief Justice Bell in Hunsberger, supra, at 189.

And now, January 26, 1968, defendant's exceptions are sustained, and it is directed that the proposed schedule of distribution be amended by striking therefrom the counsel fee of $595 allowed against the fund to plaintiff, Lydia T. McManus, for Robert O. Butler, Esq., plaintiff's attorney, as well as the rental value of $1,425 allowed to plaintiff, Lydia T. McManus, out of the one-half share of defendant, Thomas J. McManus.