Morris Coudriet and Mary J. Coudriet, Appellants v. Township of Benzinger, Appellee.

Submitted on briefs, October 3, 1983, to Judges ROGERS, BARRY and BARBIERI, sitting as a panel of three.

*Morris Coudriet,* appellant, for himself.

*Thomas G. Wagner,* for appellee.

OPINION BY JUDGE ROGERS, November 29, 1983:

The appellants, Morris and Mary Coudriet, who represent themselves, appeal from an order of the Court of Common Pleas of the Fifty-Ninth Judicial District, Elk County Branch, dismissing their petition to set aside a writ of execution.

In July, 1980, in response to a petition of abutting landowners, the Township of Benzinger enacted an ordinance providing for the paving of Kallas Road. The appellants, who own property on Kallas Road, did not join in their neighbors' petition and later refused to pay the assessment for the expense of the work. In November, 1980, the township filed against the appellants a municipal claim for $2,550.00 plus interest and a five percent penalty. On December 18, 1980, the township caused a writ of scire facias sur municipal lien to issue against the appellants.

The appellants filed an affidavit of defense to the writ alleging various technical defects in the petition of abutting landowners, mistakes in the procedures of making the assessments and the inclusion of charges

for work not authorized by ordinance. The court conducted hearings, after which it granted the township's motion for judgment for want of sufficient affidavit of defense. Exceptions were filed by the appellants and after argument the court issued a memorandum opinion and order dismissing the appellants' exceptions.

The appellants appealed the judgment against them to the Commonwealth Court. The appeal was quashed because the appellants failed to timely file a brief and reproduced record. The judgment against the appellants thus became final and unappealed.

On April 27, 1982, the township filed a praecipe for a writ of execution on the judgment and a writ was issued. The appellants filed a petition to set aside the writ raising the same issues earlier raised in the scire facias proceedings and other defenses, all of which the court of common pleas found to be without merit. The court dismissed the appellants' petition and this appeal follows.

The appellants persist in contending that because of irregularities in the assessment procedure and because of the performance of work not authorized by the ordinance they are not liable for the amount assessed. These issues were decided against the appellants in the scire facias proceedings, which decision became conclusive upon the appellants' failure to perfect their appeal to the Commonwealth Court. Where an answer is filed in a scire facias proceedings and the issues presented by it are tried, the judgment thereon is res judicata to the same extent as the findings and judgment in any other proceeding. *Bern Township Authority v. Hartman*, 69 Pa. Commonwealth Ct. 420, 451 A.2d 567 (1982); *Chester Municipal Authority v. Delp*, 371 Pa. 600, 92 A.2d 169 (1952). *See also* 7 Standard Pa. Practice §95.

The appellants additionally contend that the court of common pleas erroneously permitted the township to collect court costs incurred in pursuing the municipal claim. The appellants say that a municipal claim is an in rem proceeding and that Section 23 of the Municipal Lien Law, Act of May 16, 1923, P.L. 207, 53 P.S. §7274 permits the collection of such costs only by means of a personal action.

Section 23 of the Municipal Lien Law provides:

All judgments for the plaintiff, whether on the original scire facias or any scire facias to revive, . . . shall be recovered out of the property bound by lien and not otherwise; but the costs whether as against the plaintiff, or the defendant actually defending against the claim, may be recovered by execution as in personal actions.

This section does not prohibit the municipality from collecting costs by execution on a judgment on the municipal claim; it merely provides the winning party means of recovering costs against his adversary, if needed.

The appellants finally contend that the township should not be permitted to recover the five percent municipal claim penalty because (1) such penalty allegedly is recoverable only by way of a personal action and (2) the penalty would unjustly enrich the township solicitor.

Section 1137 of the Second Class Township Code, Act of May 1, 1933, P.L. 103, as amended, 53 P.S. §66137, confers statutory authority for collecting the five percent penalty:

[I]f the assessments . . . remain unpaid at the expiration of said thirty days, they shall be placed in the hands of the township solicitor for collection. The solicitor shall collect the same,

together with five per centum additional as attorney's commissions and interest from the completion of the improvement, by a municipal claim filed against the delinquent owner in like . manner as municipal claims are now collected. Thus Section 1137 makes the five percent penalty a part of the municipal claim which after the entering of a judgment may be collected in an action against the debtor's property. *See* Municipal Lien Law, 53 P.S. §7274.

The appellants' allegation of unjust enrichment afforded the solicitor is also without merit. The record shows that although the statute refers to the penalty as the "attorney's commission" the funds collected become property of the township and are deposited in the township's general fund.

Order affirmed.

### ORDER

AND Now, this 29th day of November, 1983, the order of the Court of Common Pleas of the Fifty-Ninth Judicial District in the above-captioned matter is affirmed.