## Township of Caln v. Tomaski

*Michelle R. Portnoff,* for plaintiff.
*John L. DiGiacomo,* for defendant.

OTT, *J.,* January 5, 1993—The matter before the court is the validity of an affidavit of defense filed by Richard Tomaski Jr., to a writ of scire facias sur municipal claim of the Township of Caln.

The facts of the case are not in dispute. Mr. Tomaski purchased the property at a sheriff's sale for an execution

of judgment for 1989 street light and sewer assessments due to the delinquency of the prior owners of the property. The lien which is now in dispute is a composite of the portion of the lien that caused the sheriff's sale, which portion was not discharged by the sale because the proceeds of the sale were insufficient, plus the amount due for street light and sewer assessments for the year 1990 including interest, penalties and court costs.[*] There is discrepancy in the briefs as to the amount owing; however, counsel stipulated on the record that the amount is $3,663.49.

Mr. Tomaski claims that the sheriff's sale discharged the entire lien that was then on the property and that the former owners are fully responsible to the township for any lien incurred during their ownership of the property. For reasons which we will set out below, we disagree.

Municipal claims are governed by the Municipal Claims and Lien Act, Act of May 16, 1923, P.L. 207 as amended, 53 P.S. §§7101-7153. Municipal claims are in rem proceedings as opposed to in personam. *Borough of Towanda v. Brannaka,* 61 Pa. Commw. 622, 626, 434 A.2d 889, 891 (1981). It is, therefore, the property that owes the debt and not the property owner. The Act likewise provides that all judgments on scire facias "shall be de terris only, and shall be recovered out of the property bound by the lien, and not otherwise..." 53 P.S. §7274.

The fact that the property changed hands after the accrual of the lien does not prevent the township from ob-

---

* The township may recoup court costs incurred in pursuing a municipal claim. *Coudriet v. Benzinger Township,* 78 Pa. Commw. 562, 467 A.2d 1229 (1983).

taining a judgment in a scire facias sur municipal claim proceeding against the present owners so as to allow execution on the property to satisfy the debt. *City of Lebanon v. Theis,* 26 D.&C.3d 602, 607 (1983). Moreover, the fact that the property was sold at sheriff's sale does not discharge the liens. Although this is generally true of other liens, municipal claims are an exception. 53 P.S. §7281. See also, *Commonwealth v. Udziewicz,* 353 Pa. 543, 46 A.2d 231 (1946).

Counsel for Mr. Tomaski argues that 53 P.S. §7436 must be read in conjunction with 53 P.S. §7281 and that the former is controlling. We disagree with this analysis for the following reasons. The first paragraph of 53 P.S. §7281 controls the case at hand and the portion of the lien which was not covered by the proceeds of the sale and the amount not due and payable are specifically not divested.

The second paragraph of section 7281 reads as follows:

"In case the property be not sold for a sum sufficient to pay all taxes and municipal claims, together with the costs thereon, the plaintiff in any such claim may postpone the sale, without payment of costs, and file his petition setting forth that more than one year has elapsed since the filing of his claim; that he has exposed the property to sheriff's sale thereunder, and was unable to obtain a bid sufficient to pay the upset price in full; and, *if a municipal claimant other than a municipality,* that he will bid sufficient to pay the upset price, and upon the production of searches or a title insurance policy showing the state of the record and the ownership of the property, and of all tax and municipal claims, mortgages, ground-rents, or other charges on or estate in the land, the court

shall grant a rule upon all parties thus shown to be interested to appear and show cause why a decree should not be made that said property be sold, freed, and cleared of their respective claims, mortgages, charges and estates. If, upon a hearing thereafter, the court is satisfied that service has been made of said rule upon the parties respondent, in the manner provided in this Act for the service of writs of scire facias to obtain judgments upon tax and municipal claims, and that the facts stated in the petition be true, it shall order and decree that said property be sold at a subsequent sheriff's sale day, to be fixed by the court without further advertisement, clear of all claims, liens, mortgages, charges and estates, to the highest bidder at such sale; and the proceeds realized therefrom shall be distributed in accordance with the priority of such claims; and the purchaser at such sale shall take, and forever thereafter have, an absolute title to the property sold, free, and discharged of all tax and municipal claims, liens, mortgages, charges and estates of whatsoever kind, subject only to the right of redemption as provided by law." Act of May 16, 1923, P.L. 207, §31. (emphasis added)

This paragraph provides for a method by which a municipal claimant may file a petition to bid for and buy a property for a price set pursuant to 53 P.S. §7279 (an upset price) when the proceeds of a sale were not sufficient to pay the upset price in full. In the case at hand, this second paragraph is not at issue and the record does not reflect that the municipality set an upset price pursuant to section 7279.

Title 53 P.S. §7436, although appearing on its face to contradict section 7281, must be read in the context of its purpose. Section 7436 reads as follows:

"*§7436. Judicial sale for less than upset price; validation of sale* —

"Whenever heretofore any purchaser has purchased real estate at a judicial sale had on a judgment obtained for unpaid municipal assessments or taxes, and said purchaser has paid to the sheriff the amount of his bid, which bid was less than the upset price required to pay all municipal assessments and taxes assessed and levied against the premises sold at the judicial sale, and no petition was presented to the court and no rule granted to show cause why the premises sold should not be sold free and clear of all claims, now by this Act such sale is made valid and binding in the same manner as if all the provisions of said Act of Assembly regulating said sale had been strictly followed and a decree of the court made directing that the premises be sold for the amount of the bid and free of all claims, taxes and assessments." Act of June 19, 1939, P.L. 427, §1.

Section 7436 is a validating statute passed for the limited purpose of addressing the second paragraph of section 7281 and protecting a buyer when an upset price is set and proceeds of a sale are insufficient for all liens but no petition is filed with the court or rule to show cause issued as required by the second paragraph of section 7281.

For the reasons explained above we enter the following

ORDER

And now, January 5, 1993, upon consideration of the affidavit of defense and after a hearing, the prothonotary is to enter judgment de terris against Richard Tomaski Jr., and the property at 101 Foundry Street, Coatesville, Chester County, Pa., in the amount of $3,663.49.