MONROE TOWNSHIP MUNICIPAL
Authority, Appellant

v.

Timothy R. AUGSBURGER and
Janel C. Augsburger.

Commonwealth Court of Pennsylvania.

Submitted Aug. 12, 2005.
Decided Sept. 20, 2005.

Jennifer B. Hipp, Shiremanstown, for appellant.

Timothy R. Augsburger and Janel C. Augsburger, appellees, pro se.

BEFORE: COLINS, President Judge, LEADBETTER, Judge, and KELLEY, Senior Judge.

OPINION BY Judge LEADBETTER.

The Monroe Township Municipal Authority (Authority) appeals from the order of the Court of Common Pleas of Cumberland County (common pleas) striking $5,106.20 from the Authority's judgment against Timothy R. and Janel C. Augsburger. The amount struck from the judgment represents legal fees incurred in the litigation of the Augsburgers' contest of the Authority's claim for sewer connection fees. We affirm.

In July of 2001, the Authority filed a municipal lien against the Augsburgers' residence for an unpaid sewer connection fee in the amount of $3,000.00. The Augsburgers, acting *pro se*, contested this claim on the ground that the distance from their home to the sewer line exceeded the distance at which the applicable municipal ordinance mandated connection. Following an evidentiary hearing, common pleas found that the Augsburgers were required to pay the tapping fee and, therefore, denied their petition to strike the lien.[1] On appeal, we affirmed.[2] Thereafter, the Au-

---

1. *Monroe Township v. Augsburger,* (No. 01–4361 Municipal Lien, filed August 8, 2002) (opinion setting forth the reasons for the order entered by common pleas, on June 5, 2002 denying the Augsburgers' petition to strike the lien).

2. *Monroe Township v. Augsburger,* (No. 1589 C.D.2002, filed June 3, 2003). After the mat-

thority entered a judgment on the lien, in the amount of the tapping fee plus interest and attorney's fees. After appearing at the Authority's office, on April 2, 2004, to tender payment for the tapping fees and learning that satisfaction of the judgment required payment of $5,106.20 in attorney's fees, Mr. Augsburger refused to make any payment and, on May 26, 2004, filed the present petition to strike the interest and attorney's fees from the amount of the judgment. Following a hearing, common pleas determined that attorney's fees were not justified and struck that amount from the judgment. Common pleas denied the Augsburgers' request to strike the accrued interest on the tapping fee. Thereafter, the Authority filed the present appeal.

On appeal, the Authority contends that, pursuant to Section 3 of the Act of May 16, 1923, P.L. 207, *as amended,* 53 P.S. § 7106 (Municipal Claims Act), it is entitled to collect the attorney's fees it incurred in obtaining satisfaction of its lien for the tapping fee. In relevant part, Section 3 provides:

> (a) All municipal claims, municipal liens, taxes, tax claims and tax liens may hereafter be lawfully imposed or assessed on any property in this Commonwealth, and ... shall be and they are hereby declared to be a lien on said property, together with all *charges, expenses, and fees incurred in the collection of any delinquent account,* including reasonable attorney fees under subsection (a.1), added thereto for failure to pay promptly....
>
> (a.1) It is not the intent of this subsection to require owners to pay, or municipalities to sanction, inappropriate or unreasonable attorney fees, charges or

expenses for routine functions. *Attorney fees incurred in the collection of any delinquent account* ... shall be in an amount sufficient to compensate attorneys undertaking collection and representation of a municipality or its assignee in any action in law or equity involving claims arising under this act.

53 P.S. § 7106(a) and (a.1) (emphasis added).

Common pleas properly construed this provision as authorizing attorney's fees only in the collection of a delinquent account. As common pleas recognized, the legislature, in 1996, amended this provision of the Act in apparent response to this court's decision in *Township of Springfield v. Thomas,* 165 Pa.Cmwlth. 331, 645 A.2d 359 (1994). In *Township of Springfield,* our court held that the lien for the collection of delinquent sewer assessment fees could not include attorney's fees for collection services and litigation because Section 3 failed to authorize the imposition of such fees. Thereafter, the legislature amended subsection (a) to authorize attorney fees "incurred in the collection of any delinquent account." While the Act does not define "delinquent account," we agree with common pleas that failure to pay while asserting a reasonable contest, such as that asserted by the Augsburgers, to the validity of the lien does not render an account delinquent. Hence, attorney's fees are not justified in this case.

Moreover, we note that in enacting the 1996 amendments to the Act, the legislature added subsection (a.1), which, in addition to the language quoted above concerning delinquent accounts, requires that the municipality adopt by ordinance a schedule of attorney fees,[3] and subsection (a.3),

ter returned to common pleas and prior to entry of a judgment, the court granted the

Township's motion to amend the caption to substitute the Authority as plaintiff.

**3.** Specifically, the pertinent language in sub-

which requires that the municipality, at least thirty days prior to assessing attorney fees, notify the property owner by certified return receipt mail of its intent to do so.[4] The record contains no evidence that these prerequisites were satisfied. Absent this evidence, the Authority could not impose the attorney's fees even if we had deemed the account delinquent.

Accordingly, we affirm.

### ORDER

AND NOW, this 20th day of September, 2005, the order of the Court of Common Pleas of Cumberland County in the above captioned matter is hereby AFFIRMED.

section (a.1) states: "A municipality by ordinance, or by resolution if the municipality is of a class which does not have the power to enact an ordinance, shall adopt the schedule of attorney fees." Monroe Township is a first class township authorized to adopt ordinances under Section 1502 of The First Class Township Code, Act of June 24, 1931, P.L. 1206, added by the Act of May 27, 1949, P.L.1955, 53 P.S. § 56552. We note that the minutes of the regular meeting of the Authority conducted on December 17, 2003, indicate the Authority "resolved to approve the 2004 Fee Schedule." This does not satisfy the requirement in subsection (a.1).

4. Subsection (a.3)(1) states: "At least thirty days prior to assessing or imposing attorney fees in connection with the collection of a delinquent account, including municipal liens, taxes, tax claims and tax liens, a municipality shall, by United States certified mail, return receipt requested, postage prepaid, mail to the owner the notice required by this subsection."