# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Duquesne City and Duquesne City : 
School District : 
 : 
v. : No. 389 C.D. 2016
 : Submitted: October 14, 2016
Burton Samuel Comensky, : 
Appellant : 

BEFORE: HONORABLE RENÉE COHN JUBELIRER, Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COHN JUBELIRER FILED: February 1, 2017

Burton Samuel Comensky (Appellant) appeals from an order of the Court of Common Pleas of Allegheny County (trial court), denying his Motion to Set Aside Sheriff Sale, Exceptions, Motion to Strike and/or Open Judgment. Appellant was the owner of real property located at 32 South Sixth Street in the City of Duquesne that was sold at a Judicial Sale on January 4, 2016 for nonpayment of city and school district taxes. The sale was conducted pursuant to the Municipal Claims and Tax Liens Act (Tax Liens Act), Act of May 16, 1923, P.L. 207, as amended, 53 P.S. §§ 7101-7505. Throughout this lengthy litigation, Appellant has contended that he was denied due process of law because of improper service and also has challenged the validity of the liens, maintained that an indispensable party was not

joined, and argued that pleadings were not properly verified. We conclude all but one of Appellant's arguments is barred by the doctrine of res judicata. The remaining issue – Appellant's due process claim related to improper service – appears to have merit based upon a review of the record. However, because Appellant did receive notice and had a full and fair opportunity to litigate this matter, we conclude any error did not result in prejudice that deprived him of due process. As a result, we affirm.

## I.     Background

Given the issues raised by Appellant, a thorough review of the factual and procedural history is warranted. On October 30, 2007, the City of Duquesne and Duquesne City School District (Taxing Authorities, collectively) commenced this action by filing a Praecipe for Writ of Scire Facias Sur Tax Lien and Statement,[1] which alleged a total of $12,154.98 was owed in real estate tax liens for delinquent

---

[1] This Court has repeatedly quoted Standard Pennsylvania Practice, which has succinctly described *scire facias* as follows:

> A writ of scire facias is a mandate to the sheriff, which recites the occasion upon which it issues, which directs the sheriff to make known to the parties named in the writ that they must appear before the court on a given day, and which requires the defendant to appear and show cause why the plaintiff should not be permitted to take some step, usually to have advantage of a public record. The object of the writ of scire facias is ordinarily to ascertain the sum due on a lien of record and to give the defendant an opportunity to show cause why the plaintiff should not have execution. The writ of scire facias serves the dual purpose of a summons and a complaint, and a writ of scire facias is personal process, but the detailed requirements of a pleading are not applied to the writ of scire facias.

In re Sale of Real Estate by Lackawanna County Tax Claim Bureau, 22 A.3d 308, 313 n.5 (Pa. Cmwlth. 2011) and Shapiro v. Center Township, Butler County, 632 A.2d 994, 997 n.3 (Pa. Cmwlth. 1993) (quoting 18 Standard Pennsylvania Practice 2d § 102:10 (1983) (footnotes omitted)).

2

school taxes for the years 1990 and 1995-2006 and delinquent city taxes for the years 1991 and 1995-2006. (R. Item 1.) The Writ was served upon a "Person In Charge" at 32 South Sixth Street. (Sheriff Return, R. Item 2.) The trial court docket reflects the Writ was served on an "Adult in charge of Defendant's residence who refused to give name or relationship."[2] (Trial Ct. Docket Entry dated Dec. 17, 2007.) On January 7, 2008, Appellant filed an Affidavit of Defense, alleging, *inter alia*, that the trial court lacked jurisdiction because the Writ was not properly served. (R. Item 3.) More than two years later, Taxing Authorities filed their Reply to the Affidavit of Defense, denying that service was improper. (R. Item 5.) One day later, Taxing Authorities filed a Motion for Judgment on the Pleadings with a supporting brief.[3] (R. Item 6.)

Appellant subsequently moved to quash the Writ and Taxing Authorities' Reply. (Motions to Quash, R. Items 7-8.) The trial court denied both motions on July 2, 2010. (Orders, R. Items 13-14.) On August 2, 2010, Appellant attempted to appeal these Orders, but this Court ultimately quashed the appeal on the grounds neither Order was a final order. Duquesne City School District v. Comensky (Pa. Cmwlth., No. 1587 C.D. 2010, filed Feb. 24, 2012), slip op. at 8.

Once we relinquished jurisdiction, Taxing Authorities renewed their Motion for Judgment on the Pleadings before the trial court. (R. Item 22, 26, 28.) Following the filing of briefs and a hearing, the trial court entered an order dated December 17, 2013, and docketed December 18, 2013, granting the Motion and

---

[2] From the record, it is unclear why the sheriff's return and docket entry differ.

[3] This was the first of many Motions for Judgment on the Pleadings filed by Taxing Authorities. The record reflects similar Motions were filed on April 30, 2012, February 25, 2013 and August 23, 2013. (R. Items 22, 26, 28.) The repeat motions appear to have been caused by bankruptcy proceedings involving Appellant.

3

entering judgment in Taxing Authorities' favor in the amount of $28,003.15 plus additional penalties, interest and costs that would accrue from the date of judgment. (R. Item 31.) The trial court judge noted at the bottom of the Order that it was "contested." (Id.) Importantly, *Appellant did not appeal the judgment*.

On February 20, 2014, Taxing Authorities filed a Praecipe for Writ of Execution, which was reissued five times before service was effectuated. (R. Items 32-39.) Appellant filed a Motion to Strike and/or Open Judgment on August 26, 2015, and amended said Motion on August 28, 2015. (R. Items 40-41.) He also moved to continue the sheriff's sale, which was scheduled for September 8, 2015, but the trial court denied this motion. (R. Items 43-44.)

After the property was offered for sale at upset price on September 8, 2015, but no bids were received, Taxing Authorities filed a "Petition for Rule to Show Cause Why Property Should Not be Sold Pursuant to Section 31.1 of the [Tax Liens Act], 53 P.S. § 7282," on September 25, 2015. (R. Item 46.) A Rule was issued the same day, returnable for argument on October 21, 2015. (Id.) It is the posting and service of this Rule that is properly before us in this case. Argument on the Petition was subsequently continued to December 10, 2015.[4] (Order, R. Item 47.) According to the Certificate of Service, the Rule was posted by the Allegheny County Sheriff's Office on the subject property on November 25, 2015. (R. Item 49, at ¶ 1 and Ex. A thereto.) In addition, counsel for Taxing Authorities personally handed Appellant a copy of the Rule at a hearing where the December 10, 2015 argument date was set. (Id. ¶ 2.) Finally, Appellant and other record lien

---

[4] The sheriff sale was continued, as well, before ultimately occurring on January 4, 2016. (Notices of the Date of Continued Sheriff's Sale, R. Items 45, 48.)

4

holders were served a copy of the Rule by regular mail on October 27, 2015. (Id. ¶¶ 3-4.)

On December 10, 2015, which was the date of argument on the Petition to Show Cause, Appellant filed another Motion to Continue Sheriff's Sale, which was denied. (R. Items 50, 52.) On the same date, the trial court issued an Order granting the Petition and allowing the sale to move forward. (Order, R. Item 51.) The executed Order was identical to the proposed order appended to Taxing Authorities' Petition except the trial court wrote "over Defendant's objections; See Record of Argument" at the end.[5] (Id.) The Order stated the trial court's decision was based upon a hearing and "upon certification to the Court that proper service of the Rule has been made upon all interested parties in accordance with Section 39.2 of the [Tax Liens Act], 53 P.S. § 7193.2, and upon determining that all facts asserted in plaintiffs' Petition are true. . . ." (Id.) No specific factual findings were documented.

Following the sale on January 4, 2016, Appellant filed a Motion to Set Aside Sheriff Sale, Exceptions, and Motion to Strike and/or Open Judgment. (R. Item 53.) The Motion challenges the validity of the underlying liens on a number of grounds, several of which were previously raised by Appellant and rejected by the trial court. (Id.) The Motion also asserts that the Rule was not served and/or posted. (Id.) On February 4, 2016, the trial court denied Appellant's Motion, noting Appellant failed to appear. (R. Item 54.) Appellant moved for reargument

_____

[5] The Order referred to a "record of argument." However, after his Notice of Appeal was sent back due to various defects, Appellant resubmitted and certified "there was no court reporters transcript of that proceeding." See Appellant's resubmitted unnamed filing filed March 30, 2016. To the extent transcripts of any proceedings exist, they were not submitted as part of the certified record.

a few days later, claiming his health prevented him from attending. (R. Item 55.) He also filed a brief in support of his Motion to Set Aside, Motion to Strike and/or Open Judgment and Exceptions. (R. Item 56.) Taxing Authorities filed their brief in opposition on March 4, 2016. (R. Item 57.) On the same date, the trial court once again denied Appellant's Motion to Set Aside Sheriff Sale, Exceptions, and Motion to Strike and/or Open Judgment. (Order, R. Item 58.) The trial court reconfirmed the January 4, 2016 sale as final. (Id.) It is from this Order that Appellant appeals. (Notice of Appeal, R. Item 59.)

## II. Discussion

On appeal,[6] Appellant argues that: (1) his due process rights were violated throughout the case because of improper service; (2) the amount of the liens are disputed; (3) there is a contract for sale of the property and the purported purchaser is a necessary party that was not joined; and (4) the pleadings were not properly verified. (Appellant's Br. at 6.) We find the latter three arguments were previously litigated and not timely appealed; therefore, the trial court's 2013 judgment in favor of Taxing Authorities and against Appellant is final and binding. Appellant similarly has challenged service from the inception of this case, but because he now challenged service of the Rule, which was issued after judgment became final, we find this issue, at least in part, is properly before us. A review of the record indicates service of the Rule may not have been proper, but because Appellant appeared and participated in the December 10, 2015 proceeding, we find no due process violation, as discussed more fully below.

---

[6] Our scope of review is limited to determining whether the trial court abused its discretion, rendered a decision unsupported by the evidence or erred as a matter of law. McElvenny v. Bucks County Tax Claim Bureau, 804 A.2d 719, 721 (Pa. Cmwlth. 2002), petition for allowance of appeal denied, 819 A.2d 549 (Pa. 2003).

6

## A. Previously litigated issues

Because several of the issues Appellant raises on appeal were raised earlier in the scire facias proceedings, we will dispose of those issues first. Those issues are Appellant's challenge as to the lien amounts, the alleged indispensable party issue, and whether the pleadings were properly verified. In addition, Appellant previously challenged service of the writ of scire facias, which he contends deprived the trial court of jurisdiction and denied Appellant of due process. All of these issues Appellant raised either in his Affidavit of Defense or in opposition to Taxing Authorities' Motion for Judgment on the Pleadings. Three years ago, the trial court effectively rejected these arguments by ruling in favor of Taxing Authorities and against Appellant. *Appellant did not appeal* the December 13, 2013 order entering judgment in the Taxing Authorities' favor. He cannot now seek to collaterally attack this decision years later.

In Coudriet v. Benzinger Township, 467 A.2d 1229 (Pa. Cmwlth. 1983), this Court was faced with analogous facts. There, a writ of scire facias was issued against the appellants, who filed an affidavit of defense alleging various technical defects, errors in procedure, and inclusion of unauthorized charges. Id. at 1230. Following a hearing, the court entered judgment in the township's favor. Id. Appellants appealed to this Court, but because appellants failed to timely file a brief and reproduced record, the appeal was quashed. Id. As a result, the judgment became final. Id. When the township attempted to execute on the judgment, appellants filed a petition to set aside the writ of execution on the same grounds previously raised. Id. We held that appellants could not raise the same issues again, finding "[t]hese issues were decided against the appellants in the scire facias proceedings, which decision became conclusive upon the appellants' failure to

perfect their appeal to the Commonwealth Court." Id. "Where an answer is filed in a scire facias proceeding[] and the issues presented by it are tried, the judgment thereon is res judicata to the same extent as the findings and judgment in any other proceeding." Id. (citing Chester Mun. Auth. v. Delp, 92 A.2d 169 (Pa. 1952); Bern Twp. Auth. v. Hartman, 451 A.2d 567 (Pa. Cmwlth. 1982); and 7 Standard Pa. Practice § 95). See also Fox Chapel Sanitary Auth. v. Abbott, 384 A.2d 1012, 1013 (Pa. Cmwlth. 1978) (Board of Viewer's finding that property benefited from sewer line was not appealed, and therefore became final and could not be collaterally attacked in subsequent proceeding); and 18 Standard Pa. Practice 2d § 102:34 ("A judgment in a scire facias proceeding, rendered after the filing of an answer and trial of the issues presented by it, is conclusive and operates as res judicata to the same extent as a judgment in any other proceeding.")(citing Am. Jur. 2d, Judgments § 400).

Here, whether the lien amounts are accurate, all necessary parties were joined, pleadings were properly verified, and service of the writ of scire facias was proper, all go to the validity of the judgment, which was entered against Appellant in 2013. Appellant's failure to timely appeal the 2013 judgment prevents him from challenging the validity of the judgment now. Similarly, it bars him from seeking to relitigate issues that the trial court apparently found had no merit, given its decision to enter judgment in Taxing Authorities' favor. Therefore, the trial court did not err in rejecting these arguments a second time when denying the Motion to Set Aside Sheriff Sale, Exceptions, and Motion to Strike and/or Open Judgment.

## B. Service of the Rule to Show Cause

Appellant's due process argument is a bit more complicated. Although it is apparent that Appellant cannot base this argument on the allegedly defective service of the writ of scire facias in 2007, which was previously raised and rejected by the trial court in 2013, (see discussion in Part II.A, *supra*), his broad due process assertion also encompasses service of the Rule to Show Cause, which post-dated the 2013 judgment. See (Appellant's Br. at 7.) Our review of the record did not reveal evidence supporting the trial court's conclusion that the Rule was properly served in accordance with Section 39.2 of the Tax Liens Act, 53 P.S. § 7193.2. However, because Appellant clearly had notice of the December 10, 2015 hearing, appeared at same, and therein had an opportunity to voice his objections, we find any jurisdictional defect was cured and Appellant was afforded due process.

Section 31.1 of the Tax Liens Act, 53 P.S. § 7282, provides a mechanism for taxing authorities to satisfy judgments for municipal or tax claims by selling properties at sheriff's sale, free and clear of all claims, liens, mortgages, etc. This is accomplished by municipalities located in a county of the second class, such as here, filing a petition, which sets forth the facts necessary to show the right to sell, a title search or title insurance policy showing the state of the record and the ownership of the property; and all tax and municipal claims, mortgages, ground rents or other charges on, or estates in, the land as shown by the official records of the county or the political subdivision in which the real estate is situate. Id.

When such a petition is filed and a Rule to Show Cause is issued, Section 39.2 of the Tax Liens Act, 53 P.S. § 7193.2, governs service of the Rule. It

provides, in pertinent part, that the Rule should be served on the owner and other interested parties:

> (1) By posting a true and correct copy of the petition and rule *on the most public part of the property*.
>
> (2) By reviewing a title search, title insurance policy or tax information certificate that identifies interested parties of record, the county or municipality *shall mail by first class mail and either by certified mail, return receipt requested, or by certificate of mailing* to such addresses as appear on the respective records relating to the premises a true and correct copy of the petition and rule.

53 P.S. § 7193.2(a.1) (emphasis added). Here, it does not appear that the trial court correctly found that service of the Rule complied with both subsections.

First, while the certificate of service and accompanying sheriff's return states that the Rule *was posted* on the property on November 25, 2015, (R. Item 49 and Ex. A thereto), there is no evidence that it was posted "on the most public part of the property." See 53 P.S. § 7193.2(a.1)(1). The trial court's Order approving the sale merely states the court, upon certification and hearing, found service of the Rule was proper. (R. Item 51.) The trial court makes no specific factual findings in either that Order or its Rule 1925(a) opinion. (Id.; Trial Ct. Op., R. Item 64.) The Court is cognizant that there is a presumption of regularity, which establishes prima facie evidence that a public official acts regularly in accordance with his or her official duties until evidence to the contrary appears otherwise, 42 Pa. C.S. § 6104(a), but the sheriff's return herein only establishes the property was posted, not that it was posted "on the most public part of the property." See City of Philadelphia v. Morris Park Congregation of Jehovah's Witnesses (Pa. Cmwlth., No. 264 C.D. 2015, filed March 7, 2016), slip op. at 5, 7 (finding trial court's

10

conclusion that property was properly posted was not supported by the record when the sheriff's affidavit merely shows the property was posted but there was no evidence in the record that it was posted "on the most public part of the property").[7]

Second, it does not appear as though service of the Rule by mail strictly complied with the statute. The certificate of service merely states that Appellant was "notified by Regular Mail on October 27, 2015." (R. Item 49.) Section 39.2 of the Tax Liens Act requires service of the Rule *shall* be accomplished through "first class mail *and* either certified mail, return receipt requested, or by certificate of mailing." 53 P.S. § 7193.2(a.1)(2) (emphasis added). Unlike the Proof of Service of the Notice of Sheriff's Sale of Real Estate, which had the certified mail, return receipt appended thereto, evidencing Appellant was served, (R. Item 39), or the Affidavit of Service, which had certificates of mailing appended thereto, evidencing other lienholders were served with the Notice of Sheriff's Sale, (R. Item 38), the Certificate of Service of the Rule to Show Cause contained neither. (R. Item 49.)

As stated above, it is apparent from a review of the record that there is a lack of evidence to support the trial court's finding that service of the Rule was proper.[8] On a number of occasions, this Court has found the failure to strictly comply with

---

[7] Morris Park is an unreported panel decision of this Court that is cited in accordance with Section 414(a) of this Court's Internal Operating Procedures, which provides that an unreported panel decision issued by this Court after January 15, 2008, may be cited "for its persuasive value, but not as binding precedent." 210 Pa. Code § 69.414(a).

[8] It is possible such evidence exists; however, because no transcript of the December 10, 2015 hearing is available and the trial court did not make any specific findings of fact related to service, we are constrained to conclude a lack of substantial evidence exists to support its finding.

the statutory notice requirements deprives the trial court of jurisdiction to grant the petition and authorize a sale. See U.S. Nat'l Bank Ass'n v. United Hands Cmty. Land Trust, 129 A.3d 627, 633 (Pa. Cmwlth. 2015); City of Phila. v. Manu, 76 A.3d 601, 605-06 (Pa. Cmwlth. 2013); City of Phila. v. Schaffer, 974 A.2d 509, 512 (Pa. Cmwlth. 2009); Morris Park, slip op. at 4, 12. The rationale behind requiring strict compliance with the service requirements is "[to] protect[] the procedural due process rights of all interested parties to notice and an opportunity to be heard and also [to] guard[] against deprivation of property without substantive due process of law." Manu, 76 A.3d at 606 (citing First Union Nat'l Bank v. F.A. Realty Investors Corp., 812 A.2d 719, 726 (Pa. Super. 2002) and City of Phila. v. Blaylock, 394 B.R. 359, 370 (Bankr. E.D. Pa. 2008)).[9] This is particularly true when there has been no judgment entered on the lien.[10] Id.

Here, the rationale behind requiring strict compliance is not furthered because it is undisputed that Appellant had notice of the hearing on the Rule and an opportunity to be heard. Appellant attended the December 10, 2015 hearing, of which he complains notice was ineffective, as evidenced by the trial court's Order, indicating the Order was being entered "over [Appellant's] objections." (R. Item 51.) The cases cited above that found jurisdiction lacking are distinguishable in

---

[9] In some circumstances, posting of the property serves a dual purpose: to provide another form of notice to the property owner but also to provide notice to the general public of an impending tax sale. Here, the posting required by Section 39.2(a.1)(1) is *solely* to ensure notice is provided to *parties with an interest in the property* that a Rule has been issued upon them to show cause why the property should not be sold free and clear of all encumbrances. *The public's interest is not impacted at this stage*. Here, Appellant does not assert that notice of the tax sale itself was not properly posted. See Motion to Set Aside Sheriff Sale, Exceptions, Motion to Strike and/or Open Judgment, R. Item 53, at 3 (alleging only that service of the *Rule* was improper).

[10] Here, a judgment was entered and was not appealed. (R. Item 31.)

that the property owner who was being deprived of his or her property rights did *not* appear at the respective hearing. This case is more akin to City of Philadelphia v. Robinson, 123 A.3d 791, 796 (Pa. Cmwlth. 2015), wherein we concluded service was proper, but even if it was not, the property owner appeared at the hearing, so it was presumed he received notice and was not prejudiced by the form of service.[11] See also City of Philadelphia v. F.A. Realty Investors Corp., 129 A.3d 1279, 1283 (Pa. Cmwlth. 2015) (holding same). This is consistent with the principle that the general appearance by a defendant is a waiver of defects in service. See City of Phila. v. Schofield, 31 A. 119, 120 (Pa. 1895).

### III. Conclusion

As the trial court stated in its 1925(a) opinion, Appellant "has had more than ample opportunity to be heard" over the course of the nine years of litigation. (Trial Ct. Op. at 2.) This includes the December 10, 2015 hearing on Taxing Authorities' Petition. Although service of the Rule may not have been by the letter of the law, based upon the unique facts of this case, it is apparent that Appellant had notice and availed himself of the opportunity to appear and voice his objections to the proceeding. Therefore, Appellant has failed to establish that his due process rights were violated. He is also barred from attempting to relitigate the other issues he raised on appeal under the doctrine of res judicata. Therefore, we affirm.

_____
**RENÉE COHN JUBELIRER,** Judge

---

[11] It bears emphasis that, here, counsel for Taxing Authorities also filed a certificate of service, wherein counsel stated he *personally handed* Appellant a copy of the Rule at a hearing where the December 10, 2015 argument date was set. (R. Item 49, ¶ 2.)

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Duquesne City and Duquesne City :
School District :
  :
  :
v. : No. 389 C.D. 2016
  :
Burton Samuel Comensky, :
                     Appellant :

## **O R D E R**

**NOW**, February 1, 2017, the Order of the Court of Common Pleas of Allegheny County dated March 4, 2016, entered in the above-captioned matter, is hereby **AFFIRMED**.

 

_____
**RENÉE COHN JUBELIRER,** Judge