# Philadelphia, Appellant, *v.* Mary E. Schofield.

*Tax lien—Notice—Waiver of notice—Act of March 23, 1866.*

Where a taxpayer of the city of Philadelphia goes to the office of the city solicitor, and announces his intention to contest a municipal lien for taxes, and enters into an agreement for an amicable scire facias upon it, he thereby waives the benefit of the act of March 23, 1866, P. L. 303, which provides that before any scire facias shall be issued on any such claim diligent search shall be made for the owner or reputed owner of the property liened, and that a written or printed notice shall be given to him or her to make payment to the city solicitor within ten days.

*Case stated—Necessary averments—Practice, C. P.*

A case stated is not defective because it does not affirmatively state that the notice required by the act of 1866 had been given, there being no admission that the city had failed to comply with the provisions of the statute in regard to notice, and it distinctly appearing therein that the owner agreed with the city to the issuing of the scire facias.

Argued Jan. 31, 1895. Appeal, No. 228, July T., 1894, by plaintiff, from judgment of C. P. No. 1, Phila. Co., March T., 1893, No. 39, for defendant, on case stated. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

This was a case stated, agreeing upon the following facts:

" The city of Philadelphia, plaintiff, on April 16, 1883, filed its claim against all that certain lot or piece of ground situate on the northerly corner of Mercer and Clearfield streets, in the Twenty-fifth ward of the city of Philadelphia; containing in front on said Mercer street one hundred and eleven feet six inches, and extending in depth northwesterly of that width, parallel with and along the northeasterly side of said Clearfield street, one hundred and forty feet to Almond street, for work and material furnished by the said city in front of said lot, and duly assessed and charged as follows:

" ' October 18, 1882.

" ' To one hundred and eleven feet six inches of water pipe, at one dollar per foot, $111.50, which sum together with lawful interest, is claimed as a lien against said premises, whoever may be the owner or owners thereof, agreeably to the several acts of assembly in relation thereto.'

" That Mary E. Schofield, wife of Albert R. Schofield (now deceased), became the owner in fee of said premises, February 3, 1862; that the deed for said premises was duly registered Dec. 18, 1865, and recorded in Deed-book F. T. W., No. 128, page 408, etc., Dec. 18, 1865. ·

" The said Mary E. Schofield, at the time said alleged work was done, resided in the city of Philadelphia with her said husband, and at the time of and long prior to issuing the writ in the case she resided on Ridge avenue, at upper Roxborough, in said city.

" That the record in said case shows the following proceedings: ' March 24, 1886. Amicable action of sci. fa. to have the same effect as if issued, returnable the first Monday of April, and return made known. April 9, 1886. Affidavit of defence filed. Sept. 21, 1886. Pleas filed. Sept. 13, 1886. Rule to reply filed. Sept. 21, 1886. Demurrer filed. Sept. 23, 1886. Joinder in demurrer filed. April 13, 1888. Aff't of service of notice filed. Eo die sci. fa. exit. Returnable the first Monday of May, 1888. Made known by posting and advertising and to Mary E. Schofield owner. Oct. 12, 1889. Suggestion by way of plea filed. Jan. 17, 1890. Demurrer sustained. Dec. 18, 1890. Judgment against the defendant in the above case. (See demurrer sustained.) Eo die. Damages assessed at $166.13. Oct. 24, 1893. Rule to show cause why judgment should not be stricken from the record, or the entry of demurrer sustained so modified that the case may be disposed of on the other pleas filed. Proceedings to stay. Eo die. Affidavit filed. Nov. 4, 1893. Judgment opened by agreement.'

" The pleas were (1) non assumpsit, (2) payment with leave, etc., and set off, (3) special plea, setting forth substantially that said claim was filed under the provisions of the ordinance of January 29, 1855; that the terms of said ordinance as to notice of payment had not been complied with, etc.

" The plaintiff demurred to said special plea, (1) because the terms of the ordinance are directory only; (2) because by statute it is provided that no defence shall be admissible except that the work was not done, or that the price charged was greater than the value thereof, or that the amount claimed has been paid or released; (3) because the said plea is multifarious and otherwise informal.

" The following is a copy of the bill and notice of said work done :

" ' Payable within four months of date of service at the office of the Register of Water Department, northwest corner Thirteenth and Spring Garden streets.

" ' PHILADELPHIA, October 23, 1872.

" ' *Mrs. Mary E. Schofield* to *City of Philadelphia*, Dr.

" ' For payment of expenses of laying water pipe per
ordinance passed January 29, 1855, and the supplement thereto passed June 2, 1866,

" ' For one hundred and eleven feet six inches of pipe
laid in front of property situated at the northwest
corner of Mercer and Clearfield streets, at one
dollar per foot   .   .   .   .   .   .   $111 50

" ' The above bill was served according to ordinance on the fifteenth day of November, 187 .   H. MARSHALL, *Inspector.*

" ' Served on lot.   Can't find owner; never had owner.'

" If the court be of opinion, under the above statement of facts, that the plaintiff has a good and valid lien, then judgment to be entered for the plaintiff, but if not, then judgment to be entered for the defendant.   The costs to follow the judgment, and either party reserving the right to sue out a writ, of error  or appeal therein."

*Error assigned* was entry of judgment for defendant.

*E. Spencer Miller*, assistant city solicitor, *Charles F. Warwick*, city solicitor, with him, for appellant, cited: Act of March 23, 1866, P. L. 303.

*Charles. Davis*, for appellee, cited: City v. Hanbest, 15 W. N. C. 349; Est. of Bank of Penna., 60 Pa. 471; Mosgrove v. Golden, 101 Pa. 612.

OPINION BY MR. JUSTICE McCOLLUM, Feb. 18, 1895:
The city filed its claim on the 16th of April, 1883, and an agreement for an amicable scire facias thereon was entered on the 24th of March, 1886.   An affidavit of defence to the claim

was filed on the 9th of April, 1886, and in September following a plea, a rule to reply, a demurrer and a joinder in demurrer were filed.   The demurrer was sustained on the 17th of December, 1890, judgment in favor of the plaintiff was entered the next day and the damages were assessed at $116.13.   A rule to show cause why the judgment should not be stricken from the record was taken on the 24th of October, 1893, and on the 4th of the next succeeding month the judgment was opened by agreement.   A case stated embodying the above facts was filed on the 4th of June, 1894, and two days thereafter judgment was entered thereon in favor of the defendant.

The claim in suit is subject to the act of 23d March, 1866, regulating the filing and collection of municipal claims in Philadelphia, which act, in the first section thereof, provides that, before any scire facias shall be issued on any such claim, diligent search shall be made for the owner or reputed owner of the property liened, and that a written or printed notice shall be given to him or her to make payment to the city solicitor within ten days.   The obvious purpose of the act, manifested by the preamble to and the provisions of it, was to protect property owners against costs on claims of which they were ignorant, and to prevent, as far as possible, the sale of their properties without actual notice to them.   A written or printed notice served upon the owner or reputed owner whose residence is known is thus made a condition precedent to the issuing of the sci. fa. on the claim.   It is not mandatory however in the sense that it cannot be waived by a party for whose benefit it was enacted.   If such a party, having knowledge of the claim, appears at the office of the city solicitor, and announces his intention to contest it and enters into an agreement for an amicable sci. fa. upon it, he thereby confesses the knowledge, and rejects the opportunity for payment that the statutory notice would have given him.   There is no object to be accomplished by serving the notice and postponing the issuing of the writ after that.

Because it does not affirmatively appear in the case stated that the notice required by the act had been given, the learned court below inferred that it had not been, and accordingly entered a judgment for the defendant.   In this, we think, there was error.   There is no admission in the case stated that the

city failed to comply with the provisions of the statute in regard to notice, but it distinctly appears therein that the owner agreed with the city to the issuing of the sci. fa. This agreement, in the absence of fraud or duress, may well be regarded as a waiver of the notice prescribed by the statute, or as an admission that it had been duly given. An owner who voluntarily becomes a party to a suit on the claim and who enters a plea and files an affidavit of defence to it, cannot, after judgment against him on a demurrer filed to them, be heard to allege as ground for setting aside or opening the judgment that the city failed to give the statutory notice before issuing the sci fa. expressly authorized by his agreement with it. Nor does the opening of the judgment enable him to successfully interpose such a defence. We think therefore that, upon the facts appearing in the case stated, judgment should have been entered on it for the sum of $116.13 with interest thereon from December 18, 1890, with costs. In reaching this conclusion we have not overlooked the entries of April 13, 1888, showing the filing of an affidavit of service of notice and the issuing of another sci. fa. But we do not regard these as admissions that the city failed to give the proper notice before the agreement for the first sci. fa. was filed. If they could be so regarded they would not constitute an answer to the agreement which, as we have seen, is a waiver of notice.

Judgment reversed and record remitted to the court below with direction to enter judgment in accordance with this opinion.