Roth *v.* Freeborn, Appellant.

Argued December 2, 1932. Before FRAZER, C. J., SIMPSON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*James J. Breen,* with him *Francis I. Farley,* for appellant.

*Cuthbert H. Latta, Jr.* and *John S. Sinclair,* of *Williams, Brittain & Sinclair,* for appellee, were not heard.

PER CURIAM, January 3, 1933:

Plaintiff, in this action in ejectment, seeks to secure possession of premises numbered 2500 Richmond Street and 2733-5 East Cumberland Street, Philadelphia, purchased by him at sheriff's sale. The property is in possession of appellant, who claims the sheriff's deed is void because of irregularities in procedure, and that the sale consequently failed to divest her of title.

The property was originally owned by James Jeffrey, father of defendant, in whose name it was registered. Upon his death in 1879, by his will it was devised to his wife for life. At her death in 1892, the fee vested in his three children, Charles Jeffrey, who died in 1906, Lydia R. Jeffrey, who died in 1926, and Laura Jeffrey Freeborn, appellant, who, at the death of her brother and sister, both intestate, unmarried and without issue, became the sole owner. Subsequent to the death of James Jeffrey, the new ownership was not registered as re-

quired by law and the former's name remained on the municipal records as owner, and on April 4, 1896, a municipal claim for street footway repairs was filed against the property in question in the name of "James Jeffrey owner, or reputed owner, and registered owner, or whoever may be owner."

March 29, 1901, a suggestion was filed of record naming Charles and Lydia Jeffrey and Laura Jeffrey Freeborn as the actual and present owners, and on the same date there was filed a notice of service on them of the municipal claim, and a further notice that, if payment was not made within ten days, a writ of scire facias would be issued against them. On that date, the three above named owners agreed to an amicable action of sci. fa. "with the same effect as if a writ of scire facias sur municipal claim had been issued,......and duly returned by the sheriff 'made known.'" July 11, 1904, judgment was taken for want of an affidavit of defense "against the defendant in the above case," the caption naming James Jeffrey, owner, and Charles Jeffery and Laura Jeffrey Freeborn, actual and present owners. This judgment was revived from time to time and on February 9, 1928, a lev. fa. issued and the premises were sold at sheriff's sale to Samuel G. J. Roth, plaintiff here.

The only question involved on this appeal is whether or not the entry of an amicable action of sci. fa. by the actual owners of the land can be the basis of a valid judgment in default of service upon the registered owner.

Section 1 of the Act of March 29, 1867, made it the duty of owners to register their property and provided that "no property, so returned, shall be subject to sale for taxes or other municipal claims thereafter to accrue, as a lien of record thereon, except in the name of the owner as returned, and after recovery by suit and service of the writ on him, made as in case of a summons." We said, in Phila. v. Schofield, 166 Pa. 389, 392: "The obvious purpose of the act......was to protect property owners against costs on claims of which they were igno-

556

rant, and to prevent, as far as possible, the sale of their properties without actual notice to them." This purpose is noted in Phila. v. Lukens, 22 Pa. Superior Ct. 298, 302, cited by the court below, and in that case it is further stated that, "When the real owner is made a party to the proceeding and service of the writ is made on him, his title becomes bound, without regard to who the registered owner may be." Here, the registered owner had been dead twenty-five years before the filing of the judgment against the property, and the parties to the amicable action were his successors in interest. The court below accordingly concluded that the purpose of the Registry Act of 1867 to protect the actual owners of premises was fully subserved in the present case, and that the amicable action had the effect of a waiver of the provisions of the Registry Act. That there may be such a waiver of process, both express and implied, has long been established. See Dickerson & Haven's App., 7 Pa. 255, 257; Phila. v. Schofield, 166 Pa. 389, 392-3; Phila. v. Lukens, supra, 302; Pittsburgh Terminal Coal Corp. v. Potts, 92 Pa. Superior Ct. 1, 6-9.

The judgment is affirmed.