IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia             :
                                 :
          v.                :
                                 :
Marshall L. Williams,        :   No. 168 C.D. 2022
          Appellant      :   Submitted: April 6, 2023

BEFORE:   HONORABLE ANNE E. COVEY, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                               FILED: August 16, 2023

        Marshall L. Williams (Williams), pro se, appeals from the Philadelphia County Common Pleas Courts' (trial court) January 21, 2022 decree (Decree) authorizing the sheriff's sale of Williams' property located at 1201-1203 Sansom Street (Property) in the City of Philadelphia (City). Williams presents four issues for this Court's review: (1) whether the trial court's Decree should be reversed based on inadequate service of the City's Petition for Rule to Show Cause Why Property Should be Sold Free and Clear of All Liens and Encumbrances (Petition), and the trial court's Rule to Show Cause (Rule); (2) whether the trial court erred by conducting the telephone/Zoom hearing despite Williams' alleged inability to participate; (3) whether substantial evidence supported the trial court's finding of Williams' outstanding tax liability; and (4) whether the trial court erred by granting an expedited hearing.[1] After review, this Court affirms.

---

[1] This Court has rephrased and reordered Williams' issues for clarity and ease of discussion.

Williams purchased the Property on February 12, 1998. On November 27, 2018, the City filed the Petition against Williams for unpaid real estate taxes pursuant to what is commonly referred to as the Municipal Claims and Tax Liens Act (MCTLA).[2] The City sought to sell the Property free and clear of all encumbrances due to the unpaid tax liabilities. The trial court issued the Rule on November 28, 2018.

The City served a copy of the Petition and the Rule, via certified and first-class mail, on all interested parties and filed an Affidavit of Service in the trial court on December 5, 2018. On December 13, 2018, the City posted a copy of the Petition and Rule to the front door of the Property[3] and filed another Affidavit of Service on December 20, 2018. On December 31, 2018, Williams filed his answer to the Petition. On January 7, 2019, Williams filed a Motion to Quash and to Strike, which the trial court denied.

Following a series of procedural and COVID-19 pandemic-related delays, on November 8, 2021, the trial court scheduled a status conference on the Petition for February 22, 2022 (Status Conference). Also on November 8, 2021, the City filed a Motion for Extraordinary Relief (Extraordinary Relief Motion) seeking to cancel the Status Conference and obtain an expedited hearing on the merits because the case had been pending for several years. Williams did not timely respond to the Extraordinary Relief Motion.[4] On November 22, 2021, the trial court granted the Extraordinary Relief Motion and initially scheduled a telephone/Zoom hearing for January 22, 2022, but immediately rescheduled it for January 18, 2022 (Hearing), due to a scheduling conflict.

---

[2] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§ 7101-7455.

[3] The City provided a photograph of the posting to the trial court.

[4] According to the trial court, Williams' response to the Extraordinary Relief Motion was due on November 18, 2021. According to the trial court's docket, Williams filed his response on November 23, 2021.

2

On December 8, 2021, Williams filed a Motion for Reconsideration (Reconsideration Motion) seeking to cancel the Hearing and dismiss the entire matter. On December 9, 2021, the trial court denied Williams' Reconsideration Motion. Williams filed an appeal from the trial court's December 9, 2021 order in the Pennsylvania Superior Court.[5] On May 24, 2022, the Pennsylvania Superior Court quashed Williams' appeal as interlocutory.

On January 17, 2022, the day before the Hearing, Williams filed an Emergency Motion for Continuance (Continuance Motion). The trial court denied the Continuance Motion, and proceeded to the Hearing on the Petition on January 18, 2022. Williams appeared at the Hearing via telephone/Zoom,[6] but failed to respond to any direct questions from the trial court and generally did not participate. The trial court took a 30-minute recess to give Williams an opportunity to resolve any technical issues he was possibly experiencing, and tried unsuccessfully to contact Williams by email and telephone. The trial court concluded at that time that Williams was intentionally avoiding participating in the proceeding.[7]

After the recess, the City presented the Affidavit of Service for the Petition signed by Domenic DeMuro (DeMuro), an independent contractor who worked for Philadelphia Writ Service. Philadelphia Writ Service President, Blake Rubin (Rubin), recognized DeMuro's handwriting, and identified the signature on

---

[5] In his appeal, Williams challenged the trial court's conclusion that his response to the Extraordinary Relief Motion was untimely based on alleged defects in service. However, he did not raise or argue the issue in his brief to this Court. Thus, the issue is waived. *See Commonwealth v. Feineigle*, 690 A.2d 748, 751 n.5 (Pa. Cmwlth. 1997) (quoting *Wicker v. Civ. Serv. Comm'n*, 460 A.2d 407, 408 (Pa. Cmwlth. 1983)) ("When issues are not properly raised and developed in briefs, [and] when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof.").

[6] The Zoom screen identified Williams' telephone connection.

[7] Williams is not unfamiliar with the court system or with legal practice. He was admitted to the New Jersey Bar in 1984. He practiced as an attorney, but the New Jersey Supreme Court suspended his law license in 2021. *See* Supplemental Reproduced Record at 72b.

3

the Affidavit of Service as belonging to DeMuro. Rubin also verified that the posting photographs were part of Philadelphia Writ Service's business records, and declared that the picture appended to the December 20, 2018 Affidavit of Service matches Philadelphia Writ Service's records. City Revenue Examiner, Marlanna Dalessandro (Dalessandro), confirmed based on official City records that the Property had $282,189.10 in outstanding tax liabilities. Based on the evidence presented at the Hearing, the trial court concluded that the City fulfilled its service obligations under Section 39.2 of the MCTLA and ordered the sale of the Property.[8] Williams appealed to this Court.[9] The trial court ordered Williams to file a Concise Statement of Errors Complained of on Appeal (Statement of Errors) pursuant to Pennsylvania Rule of Appellate Procedure (Appellate Rule) 1925(b), which he did on March 14, 2022.

Williams first asserts that the trial court erred by granting the Decree because the City failed to properly serve him in accordance with the MCTLA.[10]

---

[8] Section 39.2 of the MCTLA was added by Section 4 of the Act of December 14, 1992, P.L. 859, 53 P.S. § 7193.2.

[9] "Our scope of review in tax sale cases is limited to determining whether the trial court abused its discretion, rendered a decision with a lack of supporting evidence, or clearly erred as a matter of law." *Shipley v. Tax Claim Bureau of Del. Cnty.*, 74 A.3d 1101, 1104 n.3 (Pa. Cmwlth. 2013) (quoting *Plank v. Monroe Cnty. Tax Claim Bureau*, 735 A.2d 178, 181 n.6 (Pa. Cmwlth. 1999)).

[10] Section 39.2(a) of the MCTLA provides in relevant part:

> In cities of the first class, notice of a rule to show cause why a property should not be sold free and clear of all encumbrances issued by a court pursuant to a petition filed by a claimant under [S]ection 31.2 of [the MCTLA, added by the Act of March 15, 1956, P.L. (1955) 1274, 53 P.S. § 7283,] shall be served by the claimant upon owners, mortgagees, holders of ground rents, liens and charges or estates of whatsoever kind as follows:
>
> > (1) By posting a true and correct copy of the petition and rule on the most public part of the property;
> >
> > (2) By mailing by first class mail to the address registered by any interested party pursuant to [S]ection 39.1 of [the MCTLA, added

4

In *East Allegheny School District v. Snyder* (Pa. Cmwlth. No. 1288 C.D. 2009, filed November 5, 2010),[11] this Court explained:

> [P]articipating in [] proceedings may result in the waiver of objections to a trial court's jurisdiction, [but] that participation must be on the merits. *See Demetriou v. Carlin*, 408 A.2d 565, 568 (Pa. Cmwlth. 1979) (stating that the Commonwealth waived a jurisdictional defect by appearing before a court of common pleas and asserting the defense of sovereign immunity, rather than objecting to jurisdiction preliminarily, thereby subjecting itself to the jurisdiction of the court); *Ball v. Barber*, 621 A.2d 156, 158 (Pa. Super. 1993) (holding that once a party takes action on the merits of a case, he waives his right to object to defective service of process). . . . [The filing of] preliminary objections . . . is the exclusive manner in which one challenges the jurisdiction of a tribunal.

*E. Allegheny*, slip op. at 7-8.

---

by the Act of December 14, 1992, P.L. 850, 53 P.S. § 7193.1,] a true and correct copy of the petition and rule; and

(3) By reviewing a title search, title insurance policy or tax information certificate that identifies interested parties of record who have not registered their addresses pursuant to [S]ection 39.1 of [the MCTLA], the city shall mail by first class mail and either by certified mail, return receipt requested, or by registered mail to such addresses as appear on the respective records relating to the premises a true and correct copy of the petition and rule.

Service of notice pursuant to this section shall be deemed accomplished on the date of mailing. The city shall file an affidavit of service with the court prior to seeking a decree ordering the sale of the premises.

53 P.S. § 7193.2(a).

[11] This Court's unreported memorandum opinions may be cited "for [their] persuasive value, but not as a binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). The unreported memorandum opinions referenced herein are cited for their persuasive authority.

5

In *Duquesne City v. Comensky* (Pa. Cmwlth. No. 389 C.D. 2016, filed February 1, 2017), this Court rejected a property owner's challenge to service under the MCTLA, reasoning:

> Here, the rationale behind requiring strict compliance is not furthered because it is undisputed that [the a]ppellant had notice of the hearing on the [r]ule and an opportunity to be heard. [The a]ppellant attended the December 10, 2015 hearing, of which he complains notice was ineffective . . . . This case is more akin to *City of Philadelphia v. Robinson*, 123 A.3d 791, 796 (Pa. Cmwlth. 2015), wherein we concluded service was proper, but even if it was not, the property owner appeared at the hearing, so it was presumed he received notice and was not prejudiced by the form of service. *See also City of Phila*[.] *v. F.A. Realty Inv*[*s.*] *Corp.*, 129 A.3d 1279, 1283 (Pa. Cmwlth. 2015) (holding same). This is consistent with the principle that the general appearance by a defendant is a waiver of defects in service. *See City of Phila. v. Schofield*, . . . 31 A. 119, 120 (Pa. 1895).

*Duquesne*, slip op. at 12-13 (footnote omitted).

Here, Williams filed an answer to the Petition directly admitting and/or denying the Petition's substantive allegations. Williams claims that "without waiving any of [his] rights to proper service," he "filed [his] answer *including* defenses and affirmative defenses . . . ." Williams Br. at 15 (emphasis added). According to Williams, "[t]hree of the objections in [his] answer included the affirmative defenses of insufficient service of process, lack of jurisdiction[,] and the denial of due process." *Id*. Indeed, this Court observes that Williams' answer contained "New Matter - Affirmative Defenses[,]" Reproduced Record (R.R.) at 20a, wherein he included, among a laundry list of defenses, a general assertion that the City's claim is barred by "insufficient service of process."[12] R.R. at 21a.

---

[12] Notably, defective service, lack of subject matter jurisdiction, and denial of due process do not constitute affirmative defenses. *See* Pennsylvania Rule of Civil Procedure (Civil Rule)

6

In addition to answering the Petition's substantive allegations, Williams participated in the action by filing the Motion to Quash and to Strike, filing the Reconsideration Motion, attempting to cancel the Hearing, and filing the Continuance Motion. Further, Williams joined the Hearing via telephone/Zoom.[13] Under the instant circumstances, this Court concludes that Williams' improper service claim is meritless.

Williams next argues that he could not meaningfully participate in the Hearing due to technical issues and that the trial court erred by not continuing and rescheduling the Hearing. According to Williams, "[w]hile then traveling in New Jersey and connected to the Court Crier in the Virtual Court Room on January 18, 2022, I lost my telephone **connection** with the Court Crier. **I was not able to re-connect** with the Court Crier Virtual Courtroom." Williams Br. at 20 (emphasis added; citation omitted). Importantly, Williams' assertion directly contradicts the averment in his Statement of the Errors, wherein Williams represented that "[w]hile then traveling in New Jersey and connected to the Court Crier in the Virtual Court Room on January 18, 2022, **I lost my telephone** (**or it just disappeared**)." Original Record (O.R.) at 217 (emphasis added).[14] Williams did not raise technical issues in his Statement of Errors as a justification for his failure to continue to participate in the Hearing.

Appellate Rule 1925(b)(4)(vii) states: "Issues not included in the [s]tatement [of errors] and/or not raised in accordance with the provisions of this

---

1030, Pa.R.Civ.P. 1030 (relating to New Matter). In fact, defective service and lack of jurisdiction must be raised by preliminary objection. *See* Civil Rule 1028(a).

[13] This Court acknowledges that although Williams did not respond to direct questions from the trial court and generally did not participate in the Hearing, Williams did initially call into the Hearing, thereby reflecting his awareness thereof, and he had the opportunity to be heard and participate.

[14] The trial court's Original Record does not include page numbers. Page number references herein are to this Court's electronic pagination of the Original Record.

paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). Because Williams did not raise purported technical issues in support of his assertion that the trial court improperly deprived him of meaningful participation in the Hearing, Williams waived that issue and may not now raise it to this Court as a basis to reverse the trial court's Decree.[15]

Williams also contends that substantial evidence did not support the trial court's finding of his alleged outstanding tax liability. He asserts that the liens prior to 2015 were docketed differently from those thereafter, and he disputes the amounts of such liens. However, Dalessandro's testimony, based on official City records, demonstrating that the Property had $282,189.10 in outstanding tax liabilities was substantial evidence of such tax liabilities. Although Williams disputes his liability for such amounts and the accuracy thereof, he did not raise such concerns at the Hearing, cross-examine Dalessandro, or otherwise present contradicting evidence.

Even assuming Williams had raised such objections, Dalessandro stated that, in her role as a City revenue examiner, she regularly reviews and maintains City Department of Revenue dockets with respect to real estate and business tax liabilities. She further explained that the Department of Revenue website accurately reflects internal City accounting system records regarding the

---

[15] Even if such issue was not waived, Williams' argument fails. Williams was aware of, and initially joined in, the Hearing. Despite that Williams did not respond to direct questions from the trial court, and generally did not participate in the Hearing, his telephone connection was evident on the Zoom screen. Further, regardless of whether he experienced technical issues, Williams did not respond to the trial court's attempts at that time to reach him by telephone and email to engage his involvement, and he did not contact the trial court to attempt to correct any purported technical issues. *See* R.R. at 34a-36a. Given Williams' conduct (or lack thereof), and his prior, rebuffed attempts to reschedule the Hearing, the trial court concluded that Williams intentionally avoided participating in the Hearing, and the trial court proceeded to conduct the Hearing without his active participation. Under such circumstances, the trial court did not err by not continuing the Hearing.

8

balances due, and that the Department of Revenue website printout for the Property that she reviewed during her testimony accurately reflected the Property's outstanding tax liabilities. *See* R.R. at 44a. The law is well settled that "[t]he trial court, as the finder of fact, has exclusive authority to weigh the evidence, make credibility determinations, and draw reasonable inferences from the evidence presented." *In re Tax Claim Bureau of Lehigh Cnty. 2012 Jud. Tax Sale*, 107 A.3d 853, 857 n.4 (Pa. Cmwlth. 2015) (quoting *Picknick v. Wash. Cnty. Tax Claim Bureau*, 936 A.2d 1209, 1212 n.1 (Pa. Cmwlth. 2007)). Thus, here, absent any meritorious objection, the trial court was free to weigh Dalessandro's testimony based on the official City records and determine Williams' outstanding real estate tax liabilities.

With respect to Williams' allegations regarding lien docketing differences, consistent with its representation to the trial court, the City explained:

> [T]he [trial court] altered its lien docketing system in 2015, resulting in the generation of new numbers. [*See* R.R. at] 44a. This does not affect the analysis. First, the liens were filed prior to 2015 and a change in the court's internal systems does not affect that filing. Second, there are no liens for tax years prior to [Williams'] 1998 acquisition of the Property.

City Br. at 20.[16] Based thereon,

> [t]he City asked that the [trial c]ourt take [judicial] notice that the lien numbers on the exhibit matched the lien numbers filed for the corresponding tax years with the [trial court]. That is not disputable. The lien numbers in the exhibit in fact do correspond to the record in the [trial c]ourt's own system.

City Br. at 17. Accordingly, "[t]he trial court took said notice, and found as a factual matter that the taxes were owed and that the liens were docketed." City Br. at 20.

---

[16] The City's brief does not contain page numbers. Page number references herein are to the Court's electronic pagination of the City's brief.

Pursuant to Pennsylvania Rule of Evidence 201(b), "[a] court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Pa.R.E. 201(b). Given that the lien numbers correspond to the trial court's own system, this Court agrees that the trial court did not err by taking such judicial notice thereof. For these reasons, substantial evidence supported the trial court's determination of Williams' outstanding tax liability.

Finally, Williams asserts that the trial court's granting of the City's Extraordinary Relief Motion, which resulted in the Status Conference's cancellation and replacement with the expedited Hearing, "effectively denied [Williams] several opportunities to enroll in administrative programs and to apply for out-of-court initiatives designed for tax[]payers[,] including senior citizens[,] to address real estate tax lien claims and the amounts allegedly owed by [Williams]." Williams Br. at 17.

Notably, Williams did not timely respond to the Extraordinary Relief Motion to express such concerns. Further, Williams provides no information revealing how any trial court action prevented him from independently pursuing "opportunities to enroll in administrative programs and to apply for out-of-court initiatives" during the several years preceding the trial court's order granting the Extraordinary Relief Motion and/or the eight weeks following the order until the Hearing. *Id.*

Moreover, the trial court explained in its Opinion Pursuant to Appellate Rule 1925(a) pertaining to Williams' Superior Court appeal (Superior Court Rule 1925(a) Opinion):

> [T]he matter of calendar control is best left with the trial court, and appellate courts will not interfere unless justice

10

demands intervention. *Dublin Sportswear v. Charlett*, 403 A.2d 568, 571 (Pa. 1979). In this case, [] Williams sought reconsideration of an order scheduling a hearing. This [c]ourt was within its discretion to schedule the hearing in a case that, due to procedural and C[OVID-19]-related delays, was over three years by the date of the hearing. Th[e trial c]ourt provided [] Williams with more than [eight] weeks between the scheduling order and the hearing date.

Superior Court Rule 1925(a) Opinion at 6, O.R. at 255. This Court agrees and discerns no error.[17]

For all of the above reasons, the trial court's Decree is affirmed.

_____
ANNE E. COVEY, Judge

---

[17] This Court acknowledges:

> Our Supreme Court has also recognized the deference to be accorded to trial courts in their urgent and rightfully prioritized quest to expedite the matters before them in light of the heavy caseloads faced thereby; however that deference has been expressly tempered by our appellate courts' refusal to place the efficient and timely adherence to trial court calendars above the cause of the needs of justice in all circumstances:
>
> > We are, of course, loath to interfere in the workings of the calendar control court.
> >
> > Nevertheless, we must caution that speedy disposition is not the sole element to be considered in dispensing justice, and that where special circumstances exist, special consideration must be given lest we allow statistical considerations and analyses to become the be-all and end-all of our system of justice.
>
> *Budget Laundry Co. v. Munter*, . . . 298 A.2d 55, 59 ([Pa.] 1972).

*Cheng v. Se. Pa. Transp. Auth.*, 981 A.2d 371, 378 (Pa. Cmwlth. 2009). The aforementioned facts and procedural history herein reflect that no such special circumstances existed and, thus, the trial court did not err by granting the City's Extraordinary Relief Motion.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia                    :
                                        :
                  v.                    :
                                        :
Marshall L. Williams,                   :    No. 168 C.D. 2022
                  Appellant             :

# O R D E R

AND NOW, this 16th day of August, 2023, the Philadelphia County Common Pleas Court's January 21, 2022 decree is affirmed.


                                        _____
                                        ANNE E. COVEY, Judge